Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**Law Office of Kevin L. Hernandez**
8920 W. Tropicana Ave., Ste. 101
Las Vegas, Nevada 89147
Kevin@kevinhernandezlaw.com
Telephone: (702) 563-4450
Facsimile: (702) 552-0408
*Additional Counsel on Signature Page*
*Attorneys for Plaintiff and the Alleged Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

**ERIN ROBERTSON**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**INSURANCE PIPELINE, INC.**, a Florida corporation,

Defendant.

Case No.: 3:25-cv-00294

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff Erin Robertson ("Plaintiff" or "Robertson") bring this Class Action Complaint against Defendant Insurance Pipeline, Inc. ("Defendant" or "Insurance Pipeline") to: (1) stop Insurance Pipeline's practice of violating the Telephone Consumer Protection Act's, 47 U.S.C. § 227 *et seq.*, ("TCPA") "Quiet Hour Restrictions" while sending text message telephone solicitations to the cellular telephones of consumers who have placed their numbers on the National Do Not Call Registry; (2) enjoin Insurance Pipeline from continuing to send such text message solicitations to consumers before 8 a.m. local time or after 9 p.m. local time, and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiff seeks an award of statutory damages pursuant to the TCPA for herself and the members of the alleged Class.

2. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

3. Plaintiff Robertson is a natural person over the age of eighteen (18). She resides in Reno, Washoe County, Nevada.

4. Defendant Insurance Pipeline, Inc. is a Florida corporation which has its principal place of business located in Fort Lauderdale, FL. Insurance Pipeline conducts business throughout this District, the State of Nevada, and the United States.

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, a federal statute.

6. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. And none of the exceptions to CAFA apply.

7. This Court has personal jurisdiction over Insurance Pipeline because it solicits significant business in this District and a significant portion of the unlawful conduct alleged in this Complaint occurred in and/or was directed to this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Insurance Pipeline conducts a significant amount of consumer business within this District, Plaintiff is located within this District, and because a portion of the wrongful conduct giving rise to this case occurred in and/or was directed to this District.

**COMMON ALLEGATIONS OF FACT**

9. Insurance Pipeline is a Florida corporation in the business of selling health insurance policies nationwide.

10. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government

receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

11. As one Senate sponsor of the TCPA colorfully put it back in 1991, telemarketing spam calls are "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall". 137 Cong. Rec. 30821 (1991).

12. As part of the rules and regulations aimed at ending this "scourge of modern civilization," the National Do Not Call ("DNC") Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the DNC "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. Another important protection—and the one specifically at issue in this case—is the TCPA's "Quiet Time Restrictions" found in 47 C.F.R. § 64.1200(c)(1). The Quiet Time Restrictions unambiguously state that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)". *Id*.

14. As part of its business practice, Insurance Pipeline sends telemarketing solicitation text messages to consumers. Unfortunately for consumers, Insurance Pipeline sends at least some of these messages before 8 a.m. or after 9 p.m. local time at the call party's location.

15. At all times material to this Complaint, Insurance Pipeline was and is fully aware that unsolicited text messages solicitations are being made to consumers' cellular telephones in violation of the Quiet Time Restrictions through its own efforts and/or that of its agents.

16. Defendant knowingly made (and continues to make) unsolicited text message

solicitations in violation of the Quiet Time Restrictions, including to those consumers who placed their numbers on the DNC Registry specifically to avoid receipt of telemarketing solicitations. In doing so, Insurance Pipeline not only invaded the personal privacy of Plaintiff and members of the alleged Class, but also intentionally and repeated violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF ROBERTSON**

17. Plaintiff Robertson is the customary user of a personal cellular telephone number (775) xxx-4337. Robertson placed this number on the Do Not Call Registry on May 21, 2023 specifically to avoid receiving telemarketing spam. This number is a residential, non-commercial, telephone number.

18. Robertson's area code, 775, is a Nevada telephone area code and, at all times relevant, Robertson has resided in Nevada.

19. Nevada is in the Pacific Time Zone.

20. Beginning in April 2024, Robertson received a series of unsolicited text messages from Insurance Pipeline sent from the number 844-512-0069 which, on information and belief, belongs to and/or is regularly used by Insurance Pipeline. The messages were all sent for the purpose of soliciting the purchase of one of Insurance Pipeline's insurance products and/or its insurance broker services.

21. Dates and times of these spam telephone solicitations include:

April 1, 2024 at 6:04 a.m. Pacific Time

April 2, 2024 at 6:27 a.m. Pacific Time

April 10, 2024 at 6:09 a.m. Pacific Time

April 11, 2024 (2 messages) at 6:04 a.m. Pacific Time

May 2, 2024 at 6:16 a.m. Pacific Time

May 6, 2024 (2 messages) at 6:03 a.m. Pacific Time

May 14, 2024 at 6:24 a.m. Pacific Time

June 3, 2024 (2 messages) at 7:10 a.m. Pacific Time

June 4, 2024 at 6:00 a.m. Pacific Time

June 5, 2024 at 6:09 a.m. Pacific Time

22. Many of the telephone solicitations were addressed to "Igbinosa", which is not and has never been Plaintiff's name.

23. Screenshots evidencing receipt of the messages and their content are produced below:

a

5:37 13:23
8%
(844) 512-0069
Thursday, May 2 • 6:16 AM
Hi Igbinosa, you may qualify for some very new and affordable Health Plans in VA! I just have a few questions. Call 844-904-4096
Reply YES to confirm, STOP to optout
Monday, May 6 • 6:03 AM
Hi Igbinosa, you may qualify for some very new and affordable Health Plans in VA! I just have a few questions. Call 844-904-4096
Reply YES to confirm, STOP to optout
IGBINOSA, NEW affordable Health Plans are available! Call me today so we can find a plan that works for you! We can be reached at 844-904-4097
Reply YES to confirm P to optout
Text message
5:37 13:34
8%
(844) 512-0069
Tuesday, May 14 • 6:24 AM
Igbinosa, NEW affordable Health Plans available! Call me today so we can find a plan that works for you! We can be reached at 844-904-4097
Reply YES to confirm, STOP to optout
Wednesday, May 15 • 8:35 AM
IGBINOSA, Health Plans in VA can be affordable and easy to enroll. Call me at 844-474-0716
5/msg a month
Reply YES to confirm, STOP to optout
Monday, Jun 3 • 7:10 AM
Hi IGBINOSA! Now is the best time to review plan options and secure affordable coverage, Call 877-385-2482 to save hundreds!
Text message





5:37 13:42 8%
(844) 512-0069
IGBINOSA, Health Plans in VA can be affordable and easy to enroll. Call me at 844-474-0716
5/msg a month
Reply YES to confirm, STOP to optout
Tuesday, Jun 4 • 6:00 AM
IGBINOSA, Health Plans in VA can be affordable and easy to enroll. Call me at 844-474-0716
5/msg a month
Reply YES to confirm, STOP to optout
Hi IGBINOSA! Just following up to help you find affordable health coverage. It's important to compare multiple quotes. Call 844-474-0717
Reply YES to confirm, STOP to optout
Text message

24. Robertson is a Nevada resident and her cellphone number at issue has a Nevada area code. Thus, Insurance Pipeline knew or should have known that it was sending telephone solicitations to her before 8 a.m. local time in Nevada.

25. Robertson has never provided her cellular telephone number to Insurance Pipeline.

26. Robertson does not have a business relationship with Insurance Pipeline.

27. Robertson did not opt-in to any program with Insurance Pipeline, nor did she make

an inquiry with Insurance Pipeline.

28. Insurance Pipeline was, and is, aware that the above-described text message telephone solicitations were sent to consumers like Plaintiff at a time of day that violates the Quiet Time Restrictions.

29. By placing the unauthorized text messages alleged herein, Insurance Pipeline has caused Robertson and other consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such messages early in the morning or late at night, in addition to the wear and tear on their telephones, consumption of battery life, and loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such messages, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant sent the texts knowing that they interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components. The receipt of these messages also intrudes on consumers' right to seclusion.

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class defined as follows:

> All persons throughout the United States (1) to whom Insurance Pipeline delivered, or directed to be delivered, more than one text message within a 12 month period for purposes of encouraging the purchase of one of Insurance Pipeline's products or services, (2) from four-years prior to the filing of the initial complaint in this action through the date notice is disseminated to a certified class, and (3) where such telemarketing text messages were sent before the hour of 8 a.m. or after 9 p.m. local time at the recipient's location.

31. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Insurance Pipeline, Insurance Pipeline's subsidiaries, parents, successors, predecessors, and any entity in which Insurance Pipeline or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class;

(4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Insurance Pipeline's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

32. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Insurance Pipeline (or its agents) has sent the telephone solicitations at issue to hundreds or thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can be identified through reference to objective criteria, including Defendant's records.

33. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Insurance Pipeline's uniform wrongful conduct.

34. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and she has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Insurance Pipeline has no defenses unique to Plaintiff.

35. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Insurance Pipeline's conduct violated the TCPA;

    (b)    Whether Insurance Pipeline systematically sent more than one telephone solicitation text message to individuals at a time of day outside the parameters established by the Quiet Time Restrictions; and

    (c)    The proper measure of damages, including whether treble damages are appropriate.

36. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***
**(On behalf of Plaintiff and the Class)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]ny residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)". 47 C.F.R. § 64.1200(c)(1).

39. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

40. Insurance Pipeline violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to residential telephone subscribers such as Plaintiff before 8 a.m. or after 9 p.m. local time at the recipient's location.

41. Insurance Pipeline therefore violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one violative text message in a twelve-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

42. As a result of Insurance Pipeline's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

43. To the extent Insurance Pipeline's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing their counsel as Class Counsel;

B. An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation of the TCPA, trebled to $1500 if willfulness is determined, to be paid into a common fund for the benefit of the Plaintiff and the Class;

D. An order declaring that Defendant's actions, as set out above, violate the TCPA;

E. An order enjoining Insurance Pipeline from all future unlawful telemarketing conduct;

F. An award of pre- and post-judgment interest;

G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: June 11, 2025

**ERIN ROBERTSON**, individually and on behalf of all others similarly situated,

By: */s/ Kevin L. Hernandez*
One of Plaintiff's Attorneys

Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**Law Office of Kevin L. Hernandez**
8920 W. Tropicana Ave., Ste. 101
Las Vegas, Nevada 89147
Telephone: (702) 563-4450
Facsimile: (702) 552-0408
Kevin@kevinhernandezlaw.com

Patrick H. Peluso*
ppeluso@pelusolawfirm.com
**PELUSO LAW LLC**
865 Albion Street, Suite 250
Denver, Colorado 80220
Telephone: (720) 805-2008
Facsimile: (303) 927-0809

**Pro Hac Vice application to be filed*

*Attorneys for Plaintiff and the Alleged Class*